07-60040.o7

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-60040-CIV-COOKE-BROWN

NUTS & BOATS, INC., a Florida
corporation,

    Plaintiff,

vs.

M/V ATLAS, a 1988 37ft Wellcraft, her
engines, tackles, apparel, and other
appurtenances, *in rem*, and ERVIN
HARVEY, *in personam*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before this Court on Plaintiff's Motion for Summary Judgment. The Court has considered the motion, the response, and all pertinent materials in the file.

### Facts and Discussion

The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note). Summary judgment is proper only when no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002).

The moving party bears the initial burden of explaining to the Court the basis for the motion and identifying those portions of the record that demonstrate that there is no genuine issue of material fact. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991). The Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable

inferences also being drawn in the nonmovant's favor. Info. Sys.& Networks, 281 F.3d at 1224; Four Parcels of Real Prop., 941 F.2d at 1437. If the movant is able to meet the initial burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1231 (11th Cir. 2006).

The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. Anderson, 477 U.S. at 247. An issue of fact is material if it "might affect the outcome of the suit under the governing law." Id. at 248. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

Plaintiff alleges that it is entitled to a maritime lien for *necessaries* for services, labor, and materials delivered to the Defendant vessel. Plaintiff essentially argues that because it provided *necessaries* to the Defendant vessel at the request of Defendant Harvey, for which it is owed $15,102.79, and because Defendant Harvey did not pay for these *necessaries*, Plaintiff is entitled to a maritime lien against the Defendant vessel. Plaintiff further asserts that these facts are uncontested. For this reason, Plaintiff claims that it is entitled to summary judgment on the issue of the validity of their maritime liens for *necessaries*.

By meeting its initial burden of explaining to the Court the basis for its motion and identifying those portions of the record that demonstrate that there is no genuine issue of material fact, Plaintiff has shifted the burden to Defendant to show that a genuine issue remains for trial. Four Parcels of Real Prop., 941 F.2d at 1437; Cotton, 434 F.3d at 1231.

In the response to Plaintiff's Motion for Summary Judgment, Defendant shows that a genuine issue of material fact exists in this case. Defendant argues that Plaintiff's charges for *necessaries* were not reasonable and competitive, and that the work done was not consistent with industry standards, as is required by law for enforcement of a maritime lien. Defendant disputes the alleged fact that

Plaintiff is owed $15,102.79 for *necessaries* and claims that Plaintiff is owed nothing. Defendant proffers significant evidence in support of this claim, including a Witness Affidavit sworn to by a Captain with over thirty-five years of experience in the marine industry and several estimates from competitors of Plaintiff. In the absence of a reply by Plaintiff, a reasonable fact finder might "draw more than one inference from the facts, and that inference creates a general issue of material fact." Barfield, 883 F.2d at 933-34. For this reason, summary judgment is improper in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30 day of May, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Marcia G. Cooke
Counsel of record
Ervin Harvey, defendant (fax 1-305 664-9009)