UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-60040-CIV-BROWN

THIS IS A CONSENT CASE

NUTS & BOATS, INC.,
a Florida corporation

      Plaintiff,

vs.

M/V ATLAS, a 1988 37ft Wellcraft,
her engines, tackles, apparel, and
other appurtenances, *in rem,* and
ERVIN HARVEY, *in personam*

      Defendants.
_____/

## ORDER TAXING COSTS

**THIS MATTER** is before the court on the Bill of Costs, filed by Plaintiff on June 11, 2008 (D.E. 245). Defendant has not responded, and the time to do so has run. Failure to respond to the Bill of Costs is grounds to allow the Bill by default pursuant to Local Rule 7.1.C. However, after review of the Bill, the Court finds two costs unallowable.

Under Federal Rule of Civil Procedure 54(d)(1) costs other than attorney's fees should be allowed to the prevailing party. Fed.R.Civ.P. 54(d)(1). Costs may be taxed under 28 U.S.C.A. § 1920 in six categories: "(1)Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and

disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under § 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title." 28 U.S.C.A. § 1920 (2008). The United States Supreme Court held that "absent explicit statutory or contractual authorization for the taxation of [costs], federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Plaintiff lists the name and fees for an expert witness that did not testify at trial under the category "fees for witness". The entire amount of $1,010.40 will be denied as being outside the statutory limits of 28 U.S.C. §1920. Plaintiff is allowed to tax the cost of using an expert at the same rate as other witnesses when the expert testifies in court or appears for deposition. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir. 1996). Since the expert did not testify in court, the invoice would need to detail an appearance for deposition in order to tax witness fees. There was no such detail, therefore, the Court cannot allow these costs.

Additionally, the charges under "fees of the clerk and marshal" for service of a subpoena will be reduced from $70.00 to $45.00, the minimum amount charged by Marshals for the same service. While the statute does allow Marshals to charge for travel costs, in the absence of a detailed explanation of travel costs associated with the service, those costs are not taxable.

Based on the foregoing, this Court finds the Bill of Costs should be reduced by the amounts specified above. Accordingly, it is **ORDERED AND ADJUDGED** that the Bill of Costs be granted in the amount of $2,271.44.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of July, 2008.

Stephen T. Brown
United States Magistrate

cc:   Counsel of Record